# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LEONARD L. GILLAN, ) | Cause No.: 4:18-cv-02012 |
| ) | |
| Plaintiff, ) | |
| ) | Removed from the Circuit Court of |
| vs. ) | St. Louis County, Missouri |
| ) | Case No. 18SL-CC03881 |
| BARNES-JEWISH WEST COUNTY ) | |
| HOSPITAL and WRIGHT MEDICAL ) | |
| TECHNOLOGY, INC., ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Wright Medical Technology, Inc. ("Wright Medical"), by and through its undersigned attorney, hereby removes this case from the Circuit Court of St. Louis County, Missouri, Case No. 18SL-CC03881, to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Wright Medical states:

### STATE COURT PROCEEDINGS

1.  On or about October 12, 2018, Plaintiff Leonard L. Gillan ("Plaintiff") filed a Petition in the Circuit Court of St. Louis County, Missouri, Case No. 18SL-CC03881, naming as defendants Wright Medical Technology, Inc. and Barnes-Jewish West County Hospital ("Barnes"). (*See* **Ex. A**.)[1]

2.  Wright Medical was served with the Petition on October 31, 2018.

---

[1] In accordance with 28 U.S.C. § 1446(a), a complete copy of all state court process, pleadings, orders, and other filings, including Plaintiff's Petition, is attached hereto as **Exhibit A**.

3. According to the state court docket, Barnes was also served with the Petition on October 31, 2018.

4. This case is removable to this United States District Court, pursuant to 28 U.S.C. § 1332(a)(1), because this Court has original subject matter jurisdiction over this action between citizens of different states in which the amount in controversy exceeds $75,000.00. More specifically, as discussed below, the only Missouri defendant (Barnes) is sued solely based on its status as a seller in the stream of commerce with respect to the hip implant components at issue. (*See* Pet. ¶¶ 7, 197-201.) Missouri courts have held that since liability is precluded against such defendants under Missouri's "innocent seller" statute, Mo. Rev. Stat. § 537.762.1 (2000), they are considered fraudulently joined and their citizenship is disregarded for purposes of removal. *See, e.g.*, *Wichmann v. The Proctor & Gamble Manuf. Co.*, No. 4:06-CV-1457 HEA, 2006 WL 3626904, at *3 (E.D. Mo. Dec. 11, 2006).

5. Venue is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Missouri, Eastern Division, is the United States District Court for the district and division embracing the place where the state court case was pending, specifically, the Circuit Court of St. Louis County, Missouri.

**CITIZENSHIP OF PARTIES**

6. According to the Petition, Plaintiff is or was a citizen of Indiana and resides or resided at 7827 Crosshill Court, Fort Wayne, Allen County, Indiana 46825. (Pet. ¶ 2.)

7. No entity properly joined as a defendant in this case is incorporated under the laws of Missouri or Indiana, or has its principal place of business in Missouri or Indiana.

8. Plaintiff alleges that Wright Medical is a Delaware corporation with its principal place of business in Tennessee. (Pet. ¶ 3.) Under 28 U.S.C. § 1332(c)(1) a corporation is deemed to be "a citizen of every State and foreign state by which it has been incorporated and of

the State or foreign state where it has its principal place of business . . . ."  For purposes of 28 U.S.C. § 1332(c)(1), Wright Medical is therefore deemed to be a citizen of Delaware and Tennessee, and it was not and is not a citizen of Missouri or Indiana.

9. Plaintiffs allege that Barnes "is a Missouri nonprofit corporation, located in St. Louis County, Missouri" and has its "principal office for business at 12634 Olive Boulevard, St. Louis, Missouri 63141."  (Pet. ¶ 6.)  If Barnes were properly a party to this action, it would be deemed a citizen of Missouri for purposes of diversity jurisdiction.  However, as set forth below, the citizenship of Barnes should be disregarded because it is sued solely on its status as a seller in the stream of commerce.  (Pet. ¶¶ 7, 197-201.)  Since liability is precluded in this scenario under Missouri's "innocent seller" statute, Mo. Rev. Stat. § 537.762.1, this party is deemed fraudulently joined to defeat diversity.  *See* 28 U.S.C. § 1441 ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest **properly joined** and served as defendants is a citizen of the State in which such action is brought." (emphasis added)).

### THE INNOCENT SELLER STATUTE PRECLUDES LIABILITY AGAINST BARNES, RENDERING ITS CITIZENSHIP IRRELEVANT

10. Barnes' putative Missouri citizenship would preclude removal under the forum-defendant rule, 28 U.S.C. § 1441(b)(2), which prevents removal if a properly joined defendant is a citizen of the state in which the action is brought.

11. However, "[w]here applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent."  *Menz v. New Holland North America, Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006).  A fraudulently joined defendant's citizenship is disregarded and does not prevent removal for lack of diversity of under the home state exception.  *See*, *e.g.*, *Couzens v. Donohue*, 854 F.3d 508, 513 (8th Cir. 2017).

### A. Plaintiff's Claims Are Directed Towards Wright Medical

12. This is a products liability lawsuit in which Plaintiff alleges he underwent a right total hip replacement procedure on February 6, 2013, during which he received a hip implant allegedly designed, manufactured, and distributed by Wright Medical. (Pet. ¶¶ 189, 219.)

13. Plaintiff has sued Wright Medical as the alleged manufacturer and designer of the hip implant components at issue based on alleged defects that he asserts caused certain enumerated injuries, including necessitating a revision surgery "to remove and replace the failed and damaged components." (Pet. ¶¶ 221-22.) Plaintiff consequently brings claims for: (1) negligence; (2) strict product liability; (3) breach of warranty; and (4) negligent misrepresentation, as well as enumerated damages. (*See* Pet.)

### B. No Reasonable Basis Exists for Claims Against Barnes Under Missouri Law

14. Barnes is named a defendant in this case due to its status as a conduit in the stream of commerce. Under Missouri's "innocent seller" statute, there is no reasonable basis in fact or law to support a claim by Plaintiff against Barnes in these circumstances. Missouri courts evaluating diversity in cases with local defendant "innocent sellers" have held that since liability is precluded against such defendants under Missouri's "innocent seller" statute, Mo. Rev. Stat. § 537.762.1, they are considered fraudulently joined and their citizenship is disregarded for purposes of removal. *See, e.g., Wichmann*, 2006 WL 3626904, at *3.

15. Missouri's "innocent seller" statute, Mo. Rev. Stat. § 537.762.1, provides that in a products liability action, "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section." *See also* Mo. Rev. Stat. § 537.760 (2000) (defining products liability claims under Missouri law).

16. The Petition makes essentially no factual allegations against Barnes, aside from identifying it as the location where Plaintiff's February 6, 2013 index surgery in which he received the hip implant components at issue took place, (Pet. ¶ 191), and confirming that Barnes is named based on its status as a seller in the stream of commerce.  (*See, e.g.*, Pet. ¶¶ 197-201.)

17. Moreover, Plaintiff's own Petition specifically alleges—in each and every cause of action brought—that Barnes is sued solely as an innocent seller and "[t]o the extent that [Wright Medical] has exhausted its applicable liability insurance coverage, is insolvent, declares bankruptcy, or otherwise may not be before this Court and a party from whom total recovery may be had for Plaintiff's claim, **pursuant to § 537.762(1) and (2)**"—pleading directly under the "innocent seller" statute, § 537.762. (*See, e.g.*, Pet. ¶¶ 246, 253, 259, and 264 (emphasis added).)

18. Under Mo. Rev. Stat. § 537.762 and 537.760, "a defendant whose liability is based solely on its status as a seller in the stream of commerce when the manufacturer is properly before the Court may be dismissed from the action." *Wichmann*, 2006 WL 3626904, at *2 (stating seller of tampons was subject to dismissal where manufacturer was before the court and available to provide recovery).  Here, Wright Medical is alleged to be the designer and manufacturer of the devices allegedly at issue. (*See, e.g.*, Pet. ¶¶ 1, 5.)  Although Wright Medical denies liability in this action, Plaintiff may fully recover from Wright Medical if liability is found under applicable law. *See Kampelman v. Codman & Shurteef, Inc., et al.*, No. 4:09-CV-1039 HEA, 2009 WL 2382775 (E.D. Mo. July 31, 2009) (dismissing claims against defendant hospital where only allegations were based on its status as a seller in the stream of commerce, and stating that since plaintiffs sued the "alleged manufacturers of the [product] in

question," they "may seek recovery against [those] manufacturers" for alleged defects). Accordingly, there is no reasonable basis for liability against Barnes under Missouri law.

19. Cases analyzing removal where a resident-defendant is subject to dismissal under Missouri's "innocent seller" statute hold that since "no reasonable basis in fact and law supports the claim against the resident defendant[], joinder is fraudulent." *See Wichmann*, 2006 WL 3626904, at *2-3 (finding that complete diversity existed because the sole Missouri defendant, a supplier of allegedly defective tampons, was subject to dismissal based on Missouri's innocent seller statute and its joinder was therefore deemed fraudulent); *Spears v. Bayer Corp.*, No. 03-1151-CV-W-GAF, 2004 WL 7081940 (W.D. Mo. Mar. 29, 2004) (finding that removal was proper because the sole Missouri defendant's liability was based entirely on its status as a seller and that another defendant properly before the court could satisfy any recovery to which plaintiff was entitled); *Thomas v. Brown & Williamson Tobacco Corp.*, No. 06-223-CV-W-SOW, 2006 WL 1194873 (W.D. Mo. Apr. 28, 2006) (finding complete diversity and denying plaintiff's motion to remand based on fraudulent joinder of only Missouri defendants under innocent seller statute where there were no allegations that Missouri defendants knew of or concealed any defects in the allegedly defective products).

20. Here, Plaintiff's own allegations plead under the innocent seller statute. They similarly do not support any viable claim against Barnes, the resident defendant-seller, and Barnes' joinder must therefore be deemed fraudulent. *See Wichmann*, 2006 WL 3626904, at *3. When the citizenship of Barnes is disregarded, this matter is between citizens of different states because Wright Medical is not a citizen of Indiana or Missouri.

**CONSENT TO REMOVAL OF ALL DEFENDANTS**

21. 28 U.S.C. § 1446(b)(2)(A) requires consent of all defendants that have been properly joined and served to consent to removal.

22. Wright Medical seeks removal.

23. Because Barnes is subject to dismissal under the "innocent seller" statute, it is deemed fraudulently joined, and its consent to removal is unnecessary. *See Couzens*, 854 F.3d at 513 (consent of fraudulently joined defendant is not required); *see also*, 28 U.S.C. § 1446(b)(2)(A) (requiring consent only of properly joined defendants).

## AMOUNT IN CONTROVERSY

24. Removal is proper under 28 U.S.C. § 1446(c)(2)(B) if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

25. Under § 1446(a), a defendant seeking to remove a case must include in its notice of removal "a short and plain statement of the grounds for removal." To determine whether the jurisdictional amount in controversy has been met, the Court may make an independent evaluation of the monetary value of the claim based on the allegations in the complaint and the assertions and proof set forth in this Notice of Removal to determine whether the preponderance of the evidence indicates that the jurisdictional threshold has been met. *See Missouri ex. rel. Pemiscot Cnty. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995).

26. Here, Plaintiff's Petition states only that Plaintiff "prays for an award of compensatory damages . . . in an mount in excess of $25,000." (Pet., Prayers for Relief.)

27. Plaintiff claims that as a result of alleged defects in the hip implant components at issue, he suffered a catastrophic failure of his hip implant device in which the femoral neck component broke "in two pieces," and that he was forced to undergo a revision "surgery to remove and replace his failed Wright Medical hip." (Pet. ¶¶ 229, 231.) Plaintiff consequently claims that he "has experienced significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment and will likely undergo further medical

treatment and procedures, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, and other damages." (Pet. ¶ 263.)

28. Plaintiff also asserts punitive damages. (Pet. ¶ 265.) "Punitive damages are included in determining the amount in controversy." *Didonato v. Dochroeden*, No. 4:11-CV-00118 NAB, 2011 WL 2312089, at *1 (E.D. Mo. June 10, 2011) (citing *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994)); *see also Dowell v. Debt Relief Am., L.P.*, No. 2:07-CV-27 JCH, 2007 WL 1876478, at *2 (E.D. Mo. June 27, 2007) ("Assuming Plaintiff's claims are successful, her actual damages are probably less than $10,000. The possibility of punitive damages and attorney's fees, however, means that a fact finder could legally conclude that Plaintiff's damages are greater than $75,000." (internal citation omitted)).

29. Further, evidence of verdicts in cases alleging similar causes of action may satisfy the burden of showing the amount in controversy. *See Rodgers v. Wolfe*, No. 4:05-CV-1600 ERW, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006); *Conner v. Minnesota Life Ins. Co.*, No. 6:15-CV-3277 MDH, 2015 WL 13404335, at *1 (W.D. Mo. Sept. 2, 2015). Jury awards in excess of $75,000.00 in similar medical device products liability cases are not unusual. *See, e.g.*, *Kline v. Zimmer Holdings, Inc.*, No. BC444834 (Cal. Super. July 24, 2015) (awarding $9.2 million in jury trial for defectively manufactured hip implant); *Monnes v. Zimmer, et al.,* 1991 CT Jury Verdicts Review LEXIS 51 (July, 1991) (awarding $352,000 in jury trial for defectively manufactured hip implant).

30. Here, it appears more likely than not that the amount in controversy exceeds $75,000.00. A fair reading of the Petition, coupled with the experience of undersigned counsel in these types of cases, as well as the magnitude of damages awards in similar cases, indicates that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See e.g.*,

*Milter v. Wright Medical Technology, Inc.*, No. 11-cv-11353, 2011 U.S. Dist. LEXIS 105692 (E.D. Mich. Sept. 19, 2011) (holding that substantially similar claims against Wright Medical for physical injuries, resulting medical expenses and lost wages, resulting from receipt of allegedly defective hip implant exceeded jurisdictional threshold); *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1381 (M.D. Fla. 2009) (concluding that jurisdictional threshold was met in products liability action involving allegedly defective hip implant manufactured by Stryker, where plaintiff sought damages for physical pain and medical expenses); *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Al. Sept. 12, 2013) (determining that jurisdictional threshold was met in case alleging defects in Stryker knee replacement components where plaintiff alleged injuries including revision surgeries, loss of earnings, medical expenses, emotional suffering, and punitive damages, where plaintiff made an unspecified demand in complaint).

31. Based on the allegations, it is plain that the amount in controversy pled in the Petition exceeds the $75,000.00 jurisdictional threshold. *See*, *e.g.*, *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2002) (finding the jurisdictional amount in controversy requirement satisfied and concluding "as legal matter that a fact finder might conclude that the damages of each plaintiff exceeds the jurisdictional amount" where plaintiffs claimed "numerous serious and disabling injuries").

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

32. As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of Wright Medical's receipt, by service of process or otherwise, of the initial pleading. It is being filed in the District Court setting forth the claim for relief upon which this proceeding is based and which establishes the right to remove this action to this Court. *See id.*

33. Copies of all process, pleadings, and orders on file with the Circuit Court of St. Louis County in this matter are attached hereto as **Exhibit A**.

34. A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of St. Louis County, Missouri, and a copy of this Notice of Removal will be served on the attorneys for Plaintiff as required by 28 U.S.C. § 1446(d).

35. By removing this matter, Wright Medical does not waive and expressly reserves any rights it may have, including, without limitation, all available arguments and affirmative defenses, including as to service of process, venue, or jurisdiction.

36. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11 and in accordance with 28 U.S.C. § 1446. The statements and allegations herein are true and correct to the best of the knowledge and belief of the undersigned upon review of the material available, including **Exhibit A** hereto.

37. Based on the foregoing, Wright Medical has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), and that this action is one that may be removed to this Court by Wright Medical pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

38. In the event Plaintiff files a request to remand, or the Court considers remand *sua sponte*, Wright Medical respectfully requests the opportunity to submit additional argument and/or evidence in support of removal.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Wright Medical hereby removes the above-captioned action, Case No. 18SL-CC03881, from the Circuit Court of St.

Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

                                                              Respectfully submitted,

Dated: November 30, 2018               GREENSFELDER, HEMKER & GALE, P.C.

                                        By:    /s/ Kevin F. Hormuth
                                                 Kevin F. Hormuth, MO 48165
                                                 kfh@greensfelder.com
                                                 10 South Broadway, Suite 2000
                                                 St. Louis, Missouri 63102
                                                 (314) 241-9090
                                                 (314) 345-4792 Facsimile

*Attorney for Defendant Wright Medical Technology, Inc.*

## CERTIFICATE OF SERVICE

      The undersigned certifies that on this 30th day of November, 2018, the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and by U.S. Regular Mail, with postage prepaid, upon all counsel of record.

    James G. Krispin
    1010 Market St., Suite 1500
    St. Louis, Missouri  63101

    George E. McLaughlin
    Warshauer-McLaughlin Law Group
    1890 Gaylord Street
    Denver, Colorado  80206

    *Attorneys for Plaintiff*

                                                     /s/ Kevin F. Hormuth