UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD L. GILLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CV 2012 CDP |
| | ) | |
| WRIGHT MEDICAL TECHNOLOGY INC. et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, Leonard Gillan, brings this products liability lawsuit against Wright Medical Technology and Barnes-Jewish West County Hospital. Plaintiff alleges that Wright Medical Technology designed, manufactured, and sold a defective hip product, and that this product was implanted in him during his hip replacement surgery at Barnes-Jewish West County Hospital in 2013. Plaintiff brings four claims against both Wright Medical Technology and Barnes-Jewish West County Hospital: Count 1 (negligence), Count 2 (strict product liability), Count 3 (breach of warranty), and Count 4 (negligent misrepresentation). Wright Medical Technology moves to dismiss Count 2 to the extent that plaintiff claims a manufacturing defect, Count 3 as to breach of express warranty only, and Count 4. Further, Wright Medical Technology moves to strike plaintiff's demand for

damages for prejudgment interest. In a separate motion, Barnes-Jewish West County Hospital moves to dismiss all claims against it with prejudice.

I conclude that plaintiff has stated a viable cause of action for manufacturing defect products liability against Wright Medical Technology in Count 2, so I will deny the motion to dismiss that claim. I will grant the motion and dismiss the part of Count 3 that alleges breach of express warranty, and will dismiss Count 4 entirely. I will grant Wright Medical Technology's motion to strike plaintiff's claim for prejudgment interest, as plaintiff concedes this point. I further conclude that Barnes-Jewish West County Hospital must be dismissed with prejudice from this case because Missouri law precludes plaintiff from bringing any claims other than negligence against this healthcare care provider, and because the complaint fails to allege the elements of negligence as to this defendant.

## Background

Plaintiff, Leonard Gillan, underwent a total right hip arthroplasty on February 6, 2013 and he alleges that Wright Medical Technology provided the hip replacement. ECF 5 at ¶ 189-190. The complaint states that Dr. Paul S. Lux, M.D., performed the surgery at the Barnes-Jewish West County Hospital (BJWCH). *Id.* at ¶ 190. Plaintiff alleges that three years later he suffered a fracture of his replacement hip; the specific component to fracture was the Profemur Plus CoCR Modular Neck PHAC-1254, which was designed,

2

manufactured, and sold by Wright Medical Technology. *Id.* at ¶ 202, 219-221, and ¶ 229. Plaintiff alleges that this model was recalled in 2015 because there was "reasonable probability" that use of the product would result in serious health consequences. *Id.* at ¶ 170-175. According to the complaint, Wright Medical Technology was aware of other instances of the modular necks' fracturing and it failed to acknowledge or inform surgeons of the risks associated with the Profemur Plus CoCR Modular Neck PHAC-1254. *Id.* at ¶ 71-81. Plaintiff alleges that the product failed to perform as intended, was defectively designed, was negligently manufactured, and resulted in fracture of the component, thereby requiring a second hip replacement procedure. *Id.* at ¶ 120-147.

Further, Plaintiff alleges that before his hip replacement surgery in 2013, Wright Medical Technology sold prosthetic hips, including the defective product at issue, to BJWCH. *Id.* at ¶ 198. He further claims that BJWCH profited off the sale of the hip devices. *Id.* at ¶ 200-201. In great detail, plaintiff describes how Wright Medical Technology marketed prosthetic hips to surgeons and hospitals. Generally, he alleges that Wright Medical Technology guaranteed that the replacement hip would last up to twenty years and would allow patients to return to a myriad of lifestyle activities. *Id.* at ¶ 37-44. According to the complaint, Wright Medical Technology advertised that the Profemur Plus CoCR Modular Neck PHAC-1254 would result in less corrosion and fracturing when compared to

previous models. *Id*. at ¶ 101-112. However, plaintiff does not state which marketing materials or statements regarding the assurances of the Profemur Plus CoCR Modular Neck PHAC-1254 were made to him, to BJWCH, or to Dr. Lux.

## Discussion

Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). I am not, however, required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id*. at 555; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). Drawing on my "judicial experience and common sense," I must consider the plausibility of each claim as a whole, not the

4

plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n. 4 (8th Cir. 2010).

**Claims Against Wright Medical Technology**

Wright Medical Technology does not seek to dismiss the negligence claim or the strict liability claim of defective design or failure to warn; however, it does seek dismissal of the strict liability claim based on manufacturing defects. It also challenges the breach of express warranty and negligent misrepresentation claims. It argues that the manufacturing defect claim cannot proceed because the complaint does not provide specific factual allegations regarding how the manufacturing defect occurred in the Profemur Plus CoCR Modular Neck PHAC-1254. Next, Wright Medical Technology argues that plaintiff has failed to plead all of the essential elements for a claim of breach of express warranty because plaintiff failed to provide required pre-suit notice to the seller and there is no showing that the statements were a material factor in the purchase of the product. Finally, Wright Medical Technology argues that the claim for negligent misrepresentation fails because plaintiff did not plead which specific statements constitute the alleged misrepresentations and how plaintiff justifiably relied on these misrepresentations.

I conclude that the manufacturing defect products liability claim is sufficiently pled so I will deny Wright Medical Technology's requested relief with respect to this claim. I agree, however, that the claims for breach of express

warranty and negligent misrepresentation fail to state a claim. I will deny plaintiff's alternative request to amend the pleadings because amendment would not cure the defects.

Count 2 – Strict Products Liability

Under Missouri's products liability law, § 537.760, Mo. Rev. Stat., a strict products liability claim arises when a plaintiff demonstrates that the product was defective and dangerous when "put to a reasonable use anticipated by the manufacturer and that the plaintiff sustained damage as a direct result of the defect." *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 446 (8th Cir. 2008). Plaintiff here alleges claims of design defect, manufacturing defect and failure to warn. Defendant's motion to dismiss challenges only the manufacturing defect claim. A manufacturing defect occurs when something goes wrong in the manufacturing process and the product deviates from its intended condition. *Smith v. Brown & Williamson Tobacco Corp.*, 275 S.W.3d 748, 791 (Mo. Ct. App. 2008). In a manufacturing defect case, the product is evaluated against the manufacturer's own standards and compared to similar products. *Richcreek v. Gen. Motors Corp.*, 908 S.W.2d 772, 776 (Mo. Ct. App. 1995). The Court in *Richcreek* noted that there can be "a very fine line between design and manufacturing defects." *Id.* at 777. "What becomes evident is that sometimes subtle factual differences, when applied

to a failure of a particular product, can appear as both a manufacturing and design defect." *Id*. at 776.

Defendant argues that plaintiff has failed to point to any specific flaw in the manufacturing process. But plaintiff alleges that the device differed from defendant's intended condition because it failed. At this early stage of the litigation, this is sufficient for the manufacturing defect claim to proceed. *See Sumpter v. Allergan Inc.*, No. 4:17-CV-2289 RLW, 2018 WL 4335519, at *2 (E.D. Mo. Sept. 11, 2018) (holding that plaintiffs adequately pled a manufacturing defect claim when the allegations demonstrated that the product at issue deviated from the manufacturer's intended result); *see also Pittman v. Ameristep Corp.,* 208 F. Supp. 3d 1053, 1061 (E.D. Mo. 2016) (expert testimony that strap failed because it did not perform to defendant's listed capabilities is sufficient to withstand motion for summary judgment).

Count 3 – Breach of Warranty

Wright Medical Technology argues that Count 3 fails to plead the elements of breach of express warranty. It does not challenge the Count to the extent it is based on a claim of implied warranty.[1] Under Missouri law, the elements of a breach of express warranty claim are: (1) the defendant sold goods to the plaintiff;

---

[1] Although defendant's motion to dismiss expressly states that defendant is not seeking dismissal of the implied warranty claim contained in Count 3, in its brief defendant argues that the implied warranty claim is also deficient. I will not rule on an issue that was expressly disclaimed in defendant's motion.

(2) the seller made a statement of fact regarding the kind or quality of those goods; (3) the statement was a material factor inducing the buyer to purchase the goods; (4) the goods did not conform to the statement of fact; (5) the nonconformity harmed the buyer; and (6) the buyer notified the seller of the nonconformity in a timely fashion. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 122 (Mo. banc 2010); Mo. Rev. Stat. § 400.2 – 313.1(a). The buyer of the product must give some type of a pre-suit notice to the seller in order to state an express breach of warranty claim. *Budach v. NIBCO, Inc.*, No. 2:14-CV-04324-NKL, 2015 WL 6870145, at *4 (W.D. Mo. Nov. 6, 2015).

Plaintiff's claim for breach of express warranty fails to state a claim because there is no allegation that any of the purported statements were made to plaintiff or to his doctor. Further, there is no allegation that the statements were a material factor in inducing the purchase of the Profemur Plus CoCR Modular Neck PHAC-1254. Plaintiff relies on advertisements, such as patient testimonials and brochures, in alleging the express warranties at issue. Under Missouri law, "[a] brochure, catalogue or advertisement may constitute an express warranty." *Interco Inc. v. Randustrial Corp.*, 533 S.W.2d 257, 262 (Mo.App.1976). The complaint states that various "Patient Stories" advertised the hip products at issue. ECF 5 at ¶ 196. However, there is no showing when or by what means plaintiff, or his physician, read these advertisements. *See Teixeria v. St. Jude Med. S.C., Inc.,* 193

8

F. Supp. 3d 218, 225 (W.D.N.Y. 2016) (failure to allege when and how the alleged statements were made to plaintiff or his physicians defeats a claim for breach of express warranty). Moreover, plaintiff has not shown how the advertisements "constituted a material factor inducing" plaintiff to purchase the goods. *Gannon Joint Venture Ltd. P'ship v. Masonite Corp*., No. 4:07CV1242 JCH, 2008 WL 2074107, at *3 (E.D. Mo. May 14, 2008) (*citing Interco*, 553 S.W.2d at 262). Therefore, the breach of express warranty claims fails and will be dismissed.

Count 4 – Negligent Misrepresentation

Wright Medical Technology argues that Count 4, negligent misrepresentation, fails because plaintiff did not plead the specific statements that induced plaintiff "to justifiably rely" to his detriment. Under Missouri law, the elements of a negligent misrepresentation claim are: 1) the defendant provides or omits information in the course of business; 2) because of the defendant's failure to exercise reasonable care, the information was false; 3) the information was provided by the defendant to the plaintiff in a particular business transaction; and 4) the plaintiff justifiably relied on the information and suffered pecuniary loss. *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). "[T]o maintain a claim for negligent misrepresentation, plaintiff must establish that due to a failure to exercise reasonable care, Defendants made

9

false statements that plaintiff justifiably relied upon to his detriment." *Vaughan v. Aegis Commc'ns Grp., LLC*, 49 F. Supp. 3d 613, 619 (W.D. Mo. 2014).

Here, plaintiff's claim is devoid of any material statements that were made to him on which he justifiably relied. Plaintiff claims that Wright Medical's failure to inform and warn him of the fractures in the Profemur Plus CoCR Modular Neck PHAC-1254 constitutes a misrepresentation. ECF 22 at 12-13. Plaintiff then seeks leave to amend to name the specific doctor that performed his surgery, however, that amendment would not cure the defective claim because plaintiff has failed to allege any *actual statements* made to him, or to his doctor, that caused his reliance. *Silver v. Medtronic, Inc.*, 236 F. Supp. 3d 889, 901 (M.D. Pa. 2017) (failure to state specific representations that were allegedly negligent that plaintiff relied upon results in dismissal of the claim). While the marketing materials or assurances regarding the safety of the product may constitute specific representations, these statements do not suffice here, they are merely general assertions that could have been made to any person. For example, one statement in the complaint was found in a "Frequently Asked Questions" publication, but there is no indication this assurance was made to the plaintiff or his physician, or that either party directly relied upon it. ECF 5 ¶ 103. The complaint consists of general assertions that do not allege the essential elements of a negligent misrepresentation claim; therefore, Count 4 is dismissed.

**Claims Against Barnes-Jewish West County Hospital**

BJWCH is entitled to dismissal of the products liability, breach of warranty, and negligent misrepresentation claims because under Missouri law, claims against health care providers are limited to negligence actions. *Budding v. SSM Healthcare Sys.*, 19 S.W.3d 678, 680 (Mo. 2000). Mo. Rev Stat. §538.225(1) mandates:

> In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or his attorney shall file an affidavit with the court stating that he has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

Mo. Rev. Stat. § 538.225(1). In *Budding*, the Missouri Supreme Court held that "even though Section 538.225 deals only with the need for affidavits regarding negligence, implicit within it is the requirement that one can submit a claim against a healthcare provider only on a negligence theory." *Sides v. St. Anthony's Med. Ctr.*, 258 S.W.3d 811, 820 (Mo. banc 2008). This holding is fatal to plaintiffs Counts 2, 3, and 4. *See also In re Fresenius Granuflo/Naturalyte Dialysate Prod. Liab. Litig.,* 76 F. Supp. 3d 279, 291 (D. Mass. 2015) (under Missouri law a

plaintiff "may not bring breach of warranty product liability claims against health care providers where damages are based on personal loss.").[2]

Plaintiff responded to the motion by arguing that dismissal should be without prejudice based Mo. Rev. Stat. § 537.762 – the "innocent seller statute." This statute is designed to release innocent sellers from products liability actions if another party is properly before the court and can satisfy plaintiff's requested relief. But this statute does not change the fact that health care providers are specifically exempt from claims other than negligence, and so does not provide any basis for a dismissal without prejudice.

Plaintiff's negligence claim in Count 1 must also be dismissed. The Count does not plead that BJWCH breached any duty of care. To properly plead negligence a plaintiff must allege that a defendant had a duty to protect plaintiff from harm, that the defendant breached that duty, and that the defendant's failure was the proximate cause of plaintiff's injury. *Robinson v. Health Midwest Development Group,* 58 S.W.3d 519, 521 (Mo. 2001). The complaint fails to allege that the hospital breached any duty of care. Additionally, the plaintiff has

---

[2] Chapter 538 of the Missouri statutes has been revised several times since *Budding*. Revised § 538.210, effective August 28, 2017, explicitly states that only negligence claims may be brought against health care providers, but, of course, that revision does not apply here. The affidavit statute on which *Budding* relies, however, remains effective and the holding in *Budding* remains the controlling law for claims arising before the effective date of the most recent revision. *See e.g., Sumpter v. Allergan, Inc.,* No. 4:17CV2289 RLW, 2017 WL 6205791 (E.D. Mo. Dec. 6, 2017).

not provided the affidavit required by § 538.225 in order to maintain a negligence claim against the hospital.

**Conclusion**

I will grant Wright Medical Technology's motion to the extent that plaintiff's claims for breach of express warranty and for negligent misrepresentation are dismissed, but the motion is denied in all other respects. I will grant the motion to strike plaintiff's claim for prejudgment interest. The claims against Barnes-Jewish West County Hospital are all dismissed with prejudice.

The claims remaining are against defendant Wright Medical Technology only and are: Count 1 (negligence), Count 2 (products liability based on manufacturing defect, design defect, and failure to warn), and Count 3 (breach of implied warranty only).

Accordingly,

**IT IS HEREBY ORDERED** that Barnes-Jewish West County Hospital's motion to dismiss [11] is granted, and all claims against this party are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Wright Medical Technology Motion to Dismiss [13] is granted only as to the breach of express warranty claim in Count 3 and as to Count 4, and is denied in all other respects.

**IT IS FURTHER ORDERED** that Wright Medical Technology's Motion to Strike plaintiff's demand for prejudgment interest [13] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2019.