UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LEONARD L. GILLAN,

    Plaintiff,

v.                                                                          Docket No. 4:18-CV-02012-CDP

WRIGHT MEDICAL TECHNOLOGY, INC., and
BARNES-JEWISH WEST COUNTY HOSPITAL,

    Defendants.

**PLAINTIFF'S MEMORANDUM
IN SUPPORT OF
MOTION TO ENFORCE SETTLEMENT**

      Plaintiff Leonard L. Gillan, by and through his counsel, hereby moves the Court for an Order enforcing the settlement of this matter. As grounds therefore, Plaintiff states the following:

**Statement of Uncontroverted Material Facts**.

1.      On November 25, 2019 a mediation was held in this matter.

2.      Following mediator Glenn Norton's ADR Compliance Report indicating that the parties reached a settlement in this case [Dkt. #40], this Court issued an Order dated November 27, 2019, requiring that dismissal papers were to be filed within thirty (30) days – December 27, 2019. [Dkt. #41]

3.      On December 11, 2019 counsel for Defendant Wright Medical tendered to counsel for Plaintiff a proposed Settlement Agreement and Release.

4. The following day, December 12, 2019, without any changes or modifications having been made to the proposed Settlement Agreement and Release, Plaintiff's counsel returned to counsel for Defendant Wright Medical the executed Settlement Agreement and Release.

5. All documents and other information required by Defendant Wright Medical to be provided to it by Plaintiff and his counsel as a prerequisite to delivery of the settlement funds were provided to counsel for Wright Medical on or before December 12, 2019.

6. In forwarding the Settlement Agreement and Release on December 12, 2019, Plaintiff's counsel stated in an email, "Please advise me immediately if there is anything else you are waiting on from us as a prerequisite to the delivery of the settlement funds."

7. Defendant Wright Medical has not requested any other documents or other information to be provided to it by Plaintiff or his counsel as a prerequisite to the delivery of the settlement funds.

8. There is no dispute between the parties as to the fact that the amount agreed to be paid by Defendant Wright Medical Technology, Inc. in settlement of this civil actin is due to Plaintiff.

9. On December 23, 2019, counsel for Wright Medical contacted Plaintiff's counsel by email and stated, in part, "We have been pushing to get the check cut for this case, but just learned we will not have it to send before the current December 27, 2019 deadline to file dismissal papers.  We expect to have it shortly after the new year."

10. After meeting and conferring on that issue, counsel for Plaintiff and Defendant Wright Medical agreed to seek an extension of the Court's deadline to submit dismissal papers for an additional 14 days, to and including January 10, 2020.

11. On December 24, 2019, a Stipulated Motion for Enlargement of Time to File Dismissal Papers was filed by Defendant, under the signatures both counsel for Plaintiff and counsel for Defendant Wright Medical.  [Dkt. 42]

12. By Docket Text Order entered on December 27, 2019, this Court granted the Joint Motion for Extension of Time to File "Dismissal Paper(s) due by 1/10/2020."  [Dkt. 43]

13. Thereafter Plaintiff's counsel received no communications from counsel for Wright Medical indicating any need for additional time to deliver the settlement funds, and to timely tender dismissal papers to the Court.

14. Without contacting Plaintiff's counsel to inform that the settlement would not be completed by the January 10, 2020 deadline to tender dismissal papers, or otherwise meet and confer regarding the need for additional time, on January 10, 2020 counsel for Wright Medical filed a Motion for Extension of Time to File Dismissal Papers, requesting to and including January 24, 2020 to tender dismissal papers to the Court.  [Dkt. 44]

15. By Docket Text Order entered on January 10, 2020, this Court granted the Motion for Extension of Time to File "Dismissal Paper(s) due by 1/24/2020."  [Dkt. 45]

16. Thereafter Plaintiff's counsel received no communications for counsel for Wright Medical indicating any need for additional time to deliver the settlement funds, and to timely tender dismissal papers to the Court.

17. Not having received the settlement funds, or any communications from counsel for Wright Medical, at 3:41 p.m., CST on the afternoon of Friday, January 24, 2020, Plaintiff's counsel sent an email to three of the counsel of record for Defendant Wright Medical, inquiring as to the status of the settlement.

3

18. Without first responding to that inquiry, and again without contacting Plaintiff's counsel to inform that the settlement would not be completed by the January 24, 2020 deadline to tender dismissal papers, or otherwise meet and confer, counsel for Wright Medical filed another Motion for Extension of Time to File Dismissal Papers, requesting to and including February 7, 2020 to tender dismissal papers to the Court.  [Dkt. 46]

19. By Docket Text Order entered on January 27, 2020, this Court granted the Motion for Extension of Time to File Dismissal Papers by Defendant Wright Medical Technology, Inc. [Dkt. 47]

20. On January 28, 2020, Plaintiff's counsel met and conferred by telephone with one of the attorneys for Defendant Wright Medical and asked for a "date certain" by which the settlement funds would be delivered.

21. Counsel for Wright Medical was not able to provide such a date.

22. It has now been more than two full months since the agreement was reached in mediation to settle this civil action.

WHEREFORE, Plaintiff prays that this Court enter an Order compelling Defendant Wright Medical Technology, Inc., to deliver the amount agreed to for the settlement of this civil action by a date certain, on or before February 7, 2020, and for the imposition of sanctions, and such other relief as the Court may deem to be appropriate, if the settlement funds are not delivered to Plaintiff's counsel by that date, including an award of attorney fees.

Respectfully submitted this 28th day of January 2020.

*/s/ George E. McLaughlin*
George E. McLaughlin
Warshauer-McLaughlin Law Group, P.C.
1890 Gaylord St.
Denver, CO  80206
720-420-9800
gem@w-mlawgroup.com

James G. Krispin, MBE # 33991
1010 Market Street
St. Louis, MO 63101
314-726-5834
jgkrislaw.aol.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on this 28th day of January 2020, a true and correct copy of the above and foregoing **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT** was served on the following:

| | |
|---|---|
| David P. Niemeier | ☐ By Email |
| Kevin F. Hormuth | ☐ By Facsimile Transmission |
| Greensfelder and Hemker, P.C. | ☐ By Overnight Delivery |
| 10 South Broadway, Suite 2000 | ☒ By CM/ECF System |
| St. Louis, MO 63102 | ☐ By First-Class U.S. |
| dpn@greensfelder.com | |
| kfh@greensfelder.com | |

*Attorneys for Defendant Wright Medical Technology, Inc.*

| | |
|---|---|
| Anne Gruner | ☐ By Email |
| Duane Morris, LLP | ☐ By Facsimile Transmission |
| 30 S 17th Street | ☐ By Overnight Delivery |
| Philadelphia, PA 19103 | ☒ By CM/ECF System |
| aagruner@duanemorris.com | ☐ By First-Class U.S. |

*Attorneys for Defendant Wright Medical Technology, Inc.*

| | |
|---|---|
| Joel O. Christensen | ☐ By Email |
| Timothy William Rudolph | ☐ By Facsimile Transmission |
| Behr and McCarter, P.C. | ☐ By Overnight Delivery |
| 7777 Bonhomme Avenue, Suite 1400 | ☒ By CM/ECF System |
| St. Louis, MO 53105 | ☐ By First-Class U.S. |
| jchristensen@bmplaw.com | |
| trudolph@bmplaw.com | |

*Attorneys for Defendant Barnes-Jewish West County Hospital*

*/s/ Ellen Larson*
Ellen Larson